UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNA D. DAVIS | CIVIL ACTION |
| VERSUS | NO: 14-1086 |
| JACK STRAIN, IN HIS OFFICIAL CAPACITY AS SHERIFF OF ST. TAMMANY PARISH; ST. TAMMANY PARISH SHERIFF DEPUTY KATHERINE DOMANGUE | SECTION: "S" (5) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that after giving notice and a reasonable opportunity to be heard, the court grants summary judgment pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure in favor of Katherine Domangue and Rick Richard on plaintiff's claims arising under the Fourth and Fourteenth Amendments to the Constitution of the United States, and those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's remaining state law claims, and those claims are is **DISMISSED WITHOUT PREJUDICE**.

Defendants Sheriff Jack Strain and Sergeant John Morse filed a motion for summary judgment seeking dismissal of plaintiff's claims against them. On January 29, 2016, this court granted the motion as to plaintiff's claims arising under the Fourth and Fourteenth Amendments to the Constitution of the United States and plaintiff's Louisiana state-law false arrest claim. The court noted that plaintiff's constitutional claims against defendants Katherine Domangue and Rick Richard are identical to those against Strain and Morse, and plaintiff fifteen days from the date of the order to demonstrate why her constitutional claims against Domangue and Richard should not be dismissed for the same reasons that her constitutional claims against Strain and Morse were

dismissed. Davis did not address the issue. Therefore, pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure, the court grants summary judgment in favor of Domangue and Richard on Davis's claims arising under the Fourth and Fourteenth Amendments to the Constitution of the United States and those claims are DISMISSED WITH PREJUDICE.

Davis also brings Louisiana state-law claims against Domangue, Richard, Strain and Morse. Now that all of Davis's constitutional claims have been dismissed, the court declines to exercise supplemental jurisdiction over the state-law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Further, a district court may decline supplemental jurisdiction if the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction. Id. at § 1367(c)(2); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996) ("[I]f it appears that the state issues substantially predominate . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals."). Thus, Davis's remaining state-law claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this  30th  day of March, 2016.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE